ADAM J. BREEDEN, ESQ.
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALVIN RAMIREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; and NCHONG ENOKENWA, an individual,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, ALVIN RAMIREZ, by and through his counsel, Adam J. Breeden, Esq. of BREEDEN & ASSOCIATES, PLLC, hereby alleges the following as his Complaint for violations of his civil rights:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, ALVIN RAMIREZ is a resident and citizen of the State of Nevada, County of Clark, and was at all times relevant to this Complaint.

2. Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter referred to as "LVMPD"), is a public agency police department organized pursuant to NRS Chapter 280, operating in the County of Clark, State of Nevada. It is a "law enforcement agency" for the State of Nevada as that term is defined in NRS § 289.010(2).

3. Defendant, NCHONG ENOKENWA is, on information and belief, a resident and citizen of the State of Nevada, County of Clark, and was at all times relevant to this Complaint. ENOKENWA is a "peace officer" in the State of Nevada as that term is defined in NRS §

289.150(1).

4. At the times alleged herein, Defendant ENOKENWA, who is alleged to be a corrections officer, was the actual, apparent, implied, or ostensible agent of Defendant LVMPD. Therefore, Defendant LVMPD is responsible for the injuries and damages caused to the Plaintiff under the theory of respondeat superior, NRS § 41.130 and to the extent applicable NRS § 42.007.

5. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391 because the Defendants reside in the District and the events giving rise to the claim occurred in the District of Nevada.

6. This Court has personal jurisdiction over the Defendants because they have minimum contacts with the state of Nevada and under FRCP 4(k) are subject to personal jurisdiction in the Eighth Judicial District Court of Nevada, where this federal District Court is located.

7. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 (federal question jurisdiction), 28 USC § 1343(a) (jurisdiction over civil rights claims), and 28 USC § 1367 (supplemental jurisdiction over state law claims). This case is brought, in part, under 42 USC §§ 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments of the United States Constitution.

8. The causes of action contained herein do not require exhaustion of administrative remedies. *Eggleston v. Stuart*, 495 P.3d 482, 486 (Nev. 2021) ("a party generally is not required to exhaust administrative remedies before filing a § 1983 civil rights claim"). Regardless, Plaintiff affirmatively alleges that he submitted a "claim" pursuant to NRS § 41.036 and § 41.039 to LVMPD on or about October 17, 2024, with no response from LVMPD.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff RAMIREZ was arrested and taken to the Clark County Detention Center on or about July 20, 2024.

10. The Clark County Detention Center is a facility operated and staffed by Defendant LVMPD.

11. Defendant ENOKENWA at the times alleged herein, was a corrections officer employed by LVMPD and working at the Clark County Detention Center.

12. Plaintiff RAMIREZ was taken to what is commonly referred to as the central booking, pre-arrest area at the detention center. In this area of the detention center, arrestees are pat searched, asked to change clothes, their personal property is inventoried then taken, and the arrestees are generally processed to go into the detention center.

13. While at the Clark County Detention Center, ENOKENWA was the corrections officer assigned to screen in pre-arrest RAMIREZ.

14. RAMIREZ was, at all times, sober, compliant with officer instructions, and non-confrontational with ENOKENWA.

15. ENOKENWA directed RAMIREZ to go behind a curtained area in the pre-arrest room and sit in a chair, which RAMIREZ did.

16. ENOKENWA grew impatient with RAMIREZ, who did not desire to speak to him and has the right to remain silent. As a result, as RAMIREZ began to sit up from his chair as directed ENOKENWA grabbed RAMIREZ and threw him head-first into the ground for no legitimate reason.

17. RAMIREZ struck his head on the floor and briefly lost consciousness. A large gash opened up on his forehead and bled profusely creating a large pool of blood on the floor. The gash required stitches which were not immediately provided.

18. RAMIREZ was eventually released from custody and all criminal charges against him were dropped.

19. Shortly after his release from custody, RAMIREZ went to the Emergency Department of University Medical Center (UMC) where he was evaluated by health care providers. He was diagnosed with prior loss of consciousness, laceration to the forehead and closed head injury.

## FIRST CLAIM FOR RELIEF

**(Violation of Federal Civil Rights Under 42 U.S.C. § 1983)**

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-19 as if fully set forth herein.

21. This cause of action is pleaded by Plaintiff RAMIREZ only against Defendant ENOKENWA in his individual capacity as a state actor.

22. The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

23. The Eighth Amendment to the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted" on persons in custody.

24. Excessive force used on an arrestee or pre-trial detainee in custody violates either the Eighth Amendment or the Fourth Amendment, or both.

25. The Fourth and Eighth Amendments have been held applicable to the States and individual state actors, a process called incorporation, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691 (1961) (incorporation of Fourth Amendment); *Jones v. Mississippi*, 141 S. Ct. 1307, 1314 (2021) ("the Fourteenth Amendment incorporates the Cruel and Unusual Punishments Clause against the States.").

26. Pursuant to 42 USC § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

27. At the times alleged in the complaint on or about July 20, 2024, Defendant corrections officer ENOKENWA was a state actor of the State of Nevada or its political subdivisions, acting under color of law.

28. Defendant ENOKENWA did violate the civil rights of the Plaintiff under the Fourth Amendment and Eighth Amendments in the following ways, without limitation: Applying excessive force to Plaintiff's body, arm and head, throwing him to the ground, and causing a head injury.

29. The acts of Defendant ENOKENWA deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States.

30. Defendant ENOKENWA lacked any valid justification or Constitutional exception for his unlawful actions.

31. At the times alleged herein, the Constitutional rights of the Plaintiff were clearly established and it would be clear to a reasonable officer/actor that his/her conduct was unlawful in the situation he/she was confronted.

32. As a result of the violation of Plaintiff's civil rights, he sustained physical injury, emotional distress, and nominal damages in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

33. The acts of Defendant ENOKENWA were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

34. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest, including attorney's fees and expert fees pursuant to 42 USC § 1988 and all other applicable law.

## SECOND CLAIM FOR RELIEF

### (Violation of Nevada Constitution/Constitutional Tort)

35. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-34 as if fully set forth herein.

36. This cause of action is pleaded by Plaintiff against the following Defendants: LVMPD and ENOKENWA.

37. The Nevada Constitution Art. I Sec. 18 states that "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized."

38. The Nevada Constitution Art. I Sec. 6 states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor shall cruel or unusual punishments be inflicted, nor shall

witnesses be unreasonably detained."

39. Excessive force used on an arrestee or pre-trial detainee in custody violates Art. I Sec. 18 or Art. I Sec. 6 of the Nevada Constitution, or both.

40. The Nevada Supreme Court has held that there is a private cause of action under the Nevada Const. Art. I Sec. 18 for retrospective monetary relief, a so-called Constitutional Tort. *Mack v. Williams*, 522 P.3d 434, 450 (Nev. 2022).

41. Plaintiff further alleges that there is also a private cause of action under Nevada Const. Art. I Sec. 6 for retrospective monetary relief. Plaintiff's counsel presents this as an argument for a good faith interpretation or extension of the existing law under *Mack v. Williams*, 522 P.3d 434, 450 (Nev. 2022).

42. At the times alleged in the Complaint, Defendant ENOKENWA was a state actor of the State of Nevada, acting under color of law.

43. Defendant ENOKENWA did violate the civil rights of the Plaintiff under the Nevada Constitution Art. I Sec. 18 and/or Nevada Constitution Art. I Sec. 6 in the following ways, without limitation: Applying excessive force to Plaintiff's body, arm and head, throwing him to the ground, and causing a head injury.

44. The acts of the Defendant ENOKENWA deprived the Plaintiff of his rights, privileges, or immunities secured by the constitution or laws of the state of Nevada.

45. The Defendant ENOKENWA lacked any valid justification or Constitutional exception for their unlawful actions.

46. LVMPD was the principal or employer of ENOKENWA at the time of the events and, therefore, is vicariously liability for his actions.

47. The Nevada Supreme Court has expressly held that there is no qualified immunity for Nevada Constitutional torts.

48. As a result of the violation of Plaintiff's civil rights, he sustained physical injury, emotional distress and nominal damages in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

49. The acts of the Defendant ENOKENWA were taken with oppression, fraud or malice

and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the State constitutionally-protected rights of others, therefore Plaintiff seeks punitive damages.

50. Plaintiff specifically pleads to notify the Court that in this action he asserts that Nevada Constitutional Torts are not subject to Nevada's statutory limits on claims against the State found in NRS § 41.035 (monetary limit on damages, bar of punitive damages) because doing so would allow the State to, by statute, limit or bar claims against it which are imposed by the Nevada Constitution.

51. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

## THIRD CAUSE OF ACTION

### (Battery)

52. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-51 as if fully set forth herein.

53. This cause of action is pleaded by Plaintiff RAMIREZ against the following Defendants: LVMPD and ENOKENWA.

54. On or about July 20, 2024, while in custody, Plaintiff RAMIREZ was physically contacted by the Defendant ENOKENWA in a manner that was harmful or offensive, including throwing him to the ground and causing a closed head injury with forehead laceration.

55. The Defendant ENOKENWA intended to contact Plaintiff in an unconsented manner, and did so.

56. LVMPD was the principal or employer of ENOKENWA at the time of the events and, therefore, is vicariously liability for their actions.

57. As a result of the Defendant ENOKENWA's acts, Plaintiff sustained physical injury, emotional distress and property damage in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

58. The acts of the Defendants were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

59. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages for physical injury, emotional distress, and nominal damages in an amount to be determined at trial but exceeding $15,000;

2. For punitive damages;

3. For reasonable costs, interest and attorney's fees;

4. Any further relief the Court deems appropriate.

DATED this 3rd day of December, 2024.

BREEDEN & ASSOCIATES, PLLC

_____
ADAM J. BREEDEN, ESQ.
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in this matter.

DATED this 3rd day of December, 2024.

BREEDEN & ASSOCIATES, PLLC

_____
ADAM J. BREEDEN, ESQ.
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*